IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LAWRENCE W. HARRIS, | ) | 8:14CV321 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LANCASTER CORRECTIONAL | ) | |
| CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Lawrence Harris ("Plaintiff") filed his Complaint (Filing No. 1) in this matter on October 21, 2014. This court has given Plaintiff leave to proceed in forma pauperis in this matter. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.  SUMMARY OF COMPLAINT

Plaintiff is incarcerated in the Lancaster County Correctional Center in Lincoln, Nebraska ("the correctional center"). He named the correctional center as the sole defendant. (Filing No. 1 at CM/ECF p. 2.)

Plaintiff alleged that on August 21, 2014, an intoxicated inmate urinated on him. Plaintiff later discovered, "[a]fter asking around the dorm," that the inmate had consumed hand sanitizer and, apparently, had become intoxicated. (*Id.*) Plaintiff argues jail staff was at fault for allowing the inmate to acquire the hand sanitizer. (*Id.* at CM/ECF pp. 2-3.)

Plaintiff also alleged staff did not "decontaminate" him following the incident or assure him that the intoxicated inmate "had a clean bill of health." (*Id.* at CM/ECF

p. 3.)  Finally, Plaintiff alleged the inmate was not cited for assault.  Rather, he was only given time in segregation.  (*Id.*)

As relief in this matter, Plaintiff seeks a "fair settlement" to compensate him for his "pain[,] suffering and mental anguish."  (*Id.* at CM/ECF p. 5.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than

other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION OF CLAIMS

As pled, Plaintiff's Complaint fails as a matter of law because he has not stated a claim for relief against Lancaster County, Nebraska. Plaintiff named the Lancaster County Correctional Center as the sole defendant. The court construes Plaintiff's suit against the correctional center as being a suit against Lancaster County, Nebraska. For a municipality to be found liable under § 1983, "individual liability first must be found on an underlying substantive claim." *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005). A municipality or government entity cannot be held vicariously liable for the actions of one of its agents. *Brockinton v. City of Sherwood, Arkansas*, 503 F.3d 667, 674 (8th Cir. 2007). Rather, there must be a showing a governmental employee was acting in accordance with a government policy or custom in order for liability to attach to the municipality under § 1983. *Id.*

"Official policy involves 'a deliberate choice to follow a course of action made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By and Through Jane Doe B v. Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir. 1990)(quoting *Pembaur v City of Cincinnati*, 475 U.S. 469, 483 (1986)).

In order to establish the existence of a governmental custom, a plaintiff must prove:

1)      The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2)      Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3)      That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Plaintiff has not asked the court to make a finding of individual liability against any Lancaster County employees—a step necessary for a finding of municipal liability. *See* *McCoy*, 411 F.3d at 922.   Plaintiff also does not assert that the alleged constitutional violation occurred because county officials were acting in accordance with official government policy or that any individual who carried out the actions against Plaintiff was responsible for establishing an official policy.   In addition, Plaintiff does not allege there was a continuing, widespread, persistent pattern of unconstitutional misconduct by the county or its employees, or that county policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct.   Finally, Plaintiff does not allege that an unconstitutional custom was the moving force behind his injuries.   Accordingly, he has failed to allege sufficient facts to state a claim for relief against the county.

On the court's own motion, Plaintiff will have an opportunity to file an amended complaint that states a plausible claim for relief against Lancaster County, Nebraska, and names any other proper defendants.

4

## IV.  STATE LAW CLAIMS

Plaintiff also raised state law negligence claims against Defendant.  Pending the filing of an amended complaint, the court makes no finding regarding its jurisdiction over any potential state law claims.

IT IS ORDERED that:

1.     Plaintiff shall have 30 days in which to file an amended complaint. Failure to do so will result in dismissal of this matter without further notice to Plaintiff.


2.     The clerk's office is directed to set a pro se case management deadline in this case using the following text: March 13, 2015: Check for amended complaint.

3.     The court will conduct further review of Plaintiff's amended complaint, should he file one, to determine whether summary dismissal of the amended complaint is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

DATED this 18th day of February, 2015.

BY THE COURT:


s/ Joseph F. Bataillon
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.